**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ANDREW SUTTON, | : | CIVIL ACTION NO. |
| BOP Reg # 16059-043, | : | 1:15-CV-58-RWS-JSA |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:11-CR-554-RWS-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

## <u>ORDER</u>

Movant, a federal prisoner, seeks relief in this Court via a 28 U.S.C. § 2255 motion to vacate his sentence ("Motion"). (Doc. 28). The Magistrate Judge's Final Report and Recommendation ("Report") recommends denying the Motion. (Doc. 33). Movant objects to the Report. (Doc. 36). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a *de novo* review of those portions of the Report to which Movant objects, and has reviewed the remainder of the Report for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Movant's otherwise untimely and procedurally barred § 2255 motion relies upon the Third Circuit's holding in *United States v. Husmann*, 765 F.3d 169 (3d Cir. 2014), to argue that he is actually innocent of his crime of conviction—distributing

an image of child pornography—and, therefore, not only was his guilty plea to that crime unknowing and involuntary, but his actual innocence overcomes the procedural and other bars to consideration of his claim on the merits.  The Report rejects this argument because Movant's transfer of the image using Yahoo! Messenger "satisfies every reasonable assessment of what it means to distribute child pornography." (Report at 12).  Movant raises two objections to the Report, alleging "inaccurate factual findings to support its recommendations."  (Doc. 36 at 1).

Movant first objects that the Report "erroneously concludes [that] 'the factual background for the *Husmann* holding is different from the factual background here, where it is undisputed that the pornographic image at issue was sent from [Movant's] computer and was received on someone else's computer.' " (*Id.* at 3 (quoting Report at 13-14)).  Movant is correct that there is no evidence here that the pornographic image at issue was *received* on another computer, so that the proper formulation for the Report's finding is that "the pornographic image at issue was sent from Movant's computer [to] someone else's computer."  (*See* Report at 14).  But Movant's first objection, although well-taken, fails because it relies on a distinction without a difference.

Even under the Third Circuit's *Husmann* holding—which, in any event, is not

2

binding in this Circuit—the act of transferring a child pornographic image from one's own computer to another's computer satisfies the definition of distributing child pornography, whether or not the user of the other computer actually viewed the image. (*See* Report at 13-17). *Husmann* stands only for the proposition that proof that a defendant placed a child pornographic image in a file-sharing program on his *own* computer, without more, is insufficient to convict him of *distributing* child pornography. (*See id.* at 13 (quoting *Husmann*, 765 F.3d at 171, to the effect that "placing files into a shared folder does not automatically transmit them to another computer; shared files do not leave a user's computer until another program user actually downloads them"); *id.* at 14 (quoting *Husmann*, 765 F.3d at 174, to the effect that "[s]everal circuits have made clear that distribution occurs when pornographic materials are actually transferred to . . . another person")); *see Husmann*, 765 F.3d at 174 ("The statutory context confirms that 'distribute' in [18 U.S.C.] § 2252(a)(2) [Movant's statute of conviction (*see* Report at 1-2)] means to apportion, *give out*, or deliver and that distribution necessarily involves the *transfer* of materials to another person." (emphasis added)).

Movant does *not* argue that he did not use Yahoo! Messenger (also known as Yahoo! Chat) to transfer a child pornographic image from his own computer to

3

another person's computer during an on-line chat with that person.  (*See* Report at 12

("The evidence shows, and Movant does not dispute, that an image depicting child

pornography had been received *and sent* on Movant's computer using Yahoo!

Messenger." (emphasis added) (internal quotations omitted)); *see also* Motion at 5

("Defense expert Tami Loehrs testified [at Movant's sentencing hearing] on direct

examination . . . that [] there was forensic evidence to support that the September 23,

2009 image was received and sent by the Defendant via Yahoo! Messenger . . . .")).

Because it is undisputed, then, that Movant transmitted a child pornographic image

from his own computer to another person's computer, he is guilty, in this Circuit at

least, of distributing child pornography.[1]

The foregoing discussion reveals the flaw in Movant's second objection as well,

in which he asserts that the Report "erroneously states that [Movant] 'admitted before

entering his plea that he had transferred a child pornographic image to another person

using Yahoo! Messenger.' " (Doc. 36 at 3 (quoting Report at 12)).  It is true that at

---

[1]*See United States v. Grzybowicz*, 747 F.3d 1296, 1308 (11th Cir. 2014)
("Other circuits have reached similar conclusions with respect to the distribution
element of [18 U.S.C. §] 2252A(a)(2) [a statute similar to Movant's statute of
conviction], unanimously holding that a defendant 'distributes' child pornography
within the meaning of the statute when he either transfers it to another person or
makes it accessible to others through a file-sharing website or peer-to-peer
network.").

the plea hearing, the prosecutor described Movant's crime as "distribut[ing] an image of child pornography using Yahoo Chat. . . . between on or about September 23 of 2009 and May 1st of 2010 knowing that at least one of those images showed a minor, that is, a person under the age of 18, engaged in sexually explicit conduct." (Doc. 27 at 13).

But, as noted above, it is also undisputed that Movant transferred an image of child pornography from his own computer to another person's computer using Yahoo! Messenger. (*See* Motion at 5).  It is disingenuous for Movant now to object that he did not understand at his plea hearing that his act of transferring that image is what the prosecutor meant by using the term "distribute" to describe his crime. (*See* Report at 6 (noting that the Eleventh Circuit stated, in denying Movant's direct appeal, that his " 'offense was particularly serious because his actions bordered on production of child pornography.  He engaged in numerous online conversations with children and parents of minor children, encouraging them to engage in bizarre sexual acts and send him nude photographs.' " (quoting Doc. 24 at 3))).

Perhaps a more precise description of Movant's admission during his plea colloquy would be that he admitted that "he had transferred a child pornographic image to another person['s computer] using Yahoo! Messenger." (*See* Report at 12).

5

This, again, is a distinction without a difference.  Given the record of this case, there can be no serious dispute here that Movant not only understood what he was pleading guilty to, but that what he pleaded guilty to was, and remains, a crime in this Circuit.

The Court therefore finds no reversible error, plain or otherwise, in the Report; **OVERRULES** Movant's objections (Doc. 36); **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Doc. 33) as the Order of this Court; **DENIES** Movant's motion to vacate his sentence (Doc. 28); and **DENIES** Movant a certificate of appealability.

**SO ORDERED** this 23rd day of September, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)