IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW SUTTON, | : | CIVIL ACTION NO. |
| BOP Reg # 16059-043, | : | 1:16-CV-4676-RWS-JSA |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:11-CR-554-RWS-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant, a federal prisoner serving a 96-month sentence, has filed a Motion For Review Of A Sentence And Conviction Pursuant To Title 18 U.S.C. § 3742 And For Summary Judgment Pursuant To Fed. R. Civ. P. 56(c) (Doc. 53), which the Court construes as his second 28 U.S.C. § 2255 motion challenging the factual basis of his guilty plea and conviction for distribution of child pornography (*see* Doc. 55). The Court dismissed his first § 2255 motion (Doc. 28) because, among other things, it was time-barred and Movant had not established his actual innocence to excuse his untimeliness (*see* Docs. 33, 39). The Eleventh Circuit denied him a certificate of appealability. (Doc. 49).

"If it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge

must dismiss the motion and direct the clerk to notify the moving party." Rule 4 of the Rules Governing Section 2255 Proceedings. It plainly appears from the record that Movant's § 2255 motion is impermissibly second or successive.

A federal prisoner whose prior § 2255 motion was dismissed as time-barred may not pursue relief under § 2255 again in a federal district court without first obtaining authorization from the appropriate court of appeals. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999) (when prior habeas petition has been dismissed with prejudice, subsequent petition is second or successive); *see also Campbell v. Sec'y for the Dep't of Corr.*, 370 Fed. Appx. 5, 8 n.2 (11th Cir. 2010) (same);[1] *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (granting petitioner leave to file successive habeas corpus petition under 28 U.S.C. § 2244(b)(2)(B) after district court had "dismissed [his first petition] with prejudice as untimely"); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("hold[ing] that a habeas or § 2255 petition that is properly dismissed as time-barred . . . constitutes an adjudication on the merits for successive purposes" because "the

---

[1] For most purposes, including this one, courts in this Circuit apply the same standards to both § 2254 habeas petitions and § 2255 motions to vacate. *See Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (noting that "principles developed in habeas cases also apply to § 2255 motions"); *see also Galatolo v. United States*, 394 Fed. Appx. 670, 672 n.1 (11th Cir. 2010) (same, citing *Gay*).

2

[time-bar] dismissal . . . presents a 'permanent and incurable' bar to federal review of the merits of the claim"); *Robinson v. United States*, CV 112-063, Formerly CR 108-021, 2012 U.S. Dist. LEXIS 81507, at *5-6 (S.D. Ga. May 9) (citing *Villanueva* and recommending dismissal of § 2255 motion because movant "previously filed three § 2255 motions, the first of which was dismissed as untimely, which is considered an adjudication on the merits for the purposes of determining whether an application for habeas corpus relief is second or successive"), *adopted by* 2012 U.S. Dist. LEXIS 81528 (S.D. Ga. June 12, 2012).

Although the bulk of Movant's second § 2255 motion again attacks the factual basis of his guilty plea in an attempt to overcome the time bar, he also alleges fraud, albeit briefly: "The government and court's continued fabrication of an alleged transfer of the [child pornography] file to a fictitious third party has impeded the Petitioner from justice and constitutes Fraud Upon The Court under Fed. R. [Civ.] P. 60(b)(3) by misrepresentation and misconduct." (Doc. 53 at 6). As shown below, this allegation is insufficient to warrant review under Rule 60(b)(3), which provides that a court may relieve a party from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

"Where, in a purported Rule 60(b) motion, a defendant challenges the validity

3

of his conviction by seeking to add a new ground for relief or *attacking a district court's previous resolution of a claim* on the merits, the motion is properly construed as a second or successive 28 U.S.C. § 2255 motion." *United States v. Lockhart*, 482 Fed. Appx. 473, 474 (11th Cir. 2012) (emphasis added) (citing *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007)); *see also United States v. Winston*, 346 Fed. Appx. 520, 522 (11th Cir. 2009) ("A petitioner who files a Rule 60(b) motion may not circumvent the statutory restrictions on second or successive applications, unless the Rule 60(b) motion attacks a defect in the integrity of the federal habeas proceedings, such as fraud upon the federal court that led to the denial of the original habeas petition."); *id.* (affirming district court's dismissal of appellant's motion because the court lacked jurisdiction to consider it "regardless of whether it was characterized as a Rule 60(b)(3) motion seeking relief directly from his underlying conviction or as an unauthorized successive § 2255 motion, because he sought to raise a merits challenge to the legality of his underlying conviction"); *Alvarez v. Nunez*, 10-21194-CIV-HOEVELER, 2013 U.S. Dist. LEXIS 40348, at *16-17 (S.D. Fla. Mar. 22, 2013) ("Rule 60(b)(3) would provide a basis for setting aside the [dismissal of Movant's § 2255 motion] only if [he] could demonstrate 'fraud, misrepresentation or other misconduct of an adverse party.'  Such misconduct by the adverse party must be

4

significant enough that it was 'tantamount to preventing the losing party from fully and fairly presenting his defense.' " (quoting *Scutieri v. Paige*, 808 F.2d 785, 794 (11th Cir. 1987)); *see Olem Shoe Corp. v. Wash. Shoe Corp.*, 591 Fed. Appx. 873, 886-87 (11th Cir. 2015) (same)).

Movant has not demonstrated that he was prevented from fairly presenting in his first § 2255 motion the challenge to his guilty plea that he seeks to present again in his second § 2255 motion. Indeed, Movant does not challenge fraud, misrepresentation or misconduct of an adverse party — here, the government — but instead challenges the Court's construction of the facts the government presented at his guilty plea hearing, facts Movant admitted to be true, in all relevant respects, at that hearing. (*See* Docs. 28, 33, 38, 39, 49, 53). Movant thus may not proceed under Fed. R. Civ. P. 60(b)(3). And, as there is no indication in the record that Movant has obtained authorization from the Eleventh Circuit to file a second or successive § 2255 motion (*see* Doc. 53 at 1 (indicating that Movant has filed his Motion For Review in both this Court and the Eleventh Circuit)), his second § 2255 motion must be dismissed for lack of jurisdiction. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

A federal prisoner must obtain a certificate of appealability ("COA") before

5

appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted). Because Movant has not made the requisite showing, a certificate of appealability should not issue in this matter.

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's construed 28 U.S.C. § 2255 motion to vacate his sentence (Doc. 53) be **DISMISSED as second or successive** under Rule 4 of the Rules Governing § 2255 Proceedings, for lack of subject matter jurisdiction, and that Movant be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 28th day of December, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

6